SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7124
FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GURMUKH KAUR SINGH,<br><br>    Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security;<br>EMILIO C. FLORES, Chief of Correction, Santa Clara County, Department of Correction;<br>NANCY ALCANTAR, Field Office Director, Office of Detention and Removal, Immigration and Custom Enforcement;<br>MICHAEL MUKASEY, U. S. Attorney General,<br><br>    Respondents. | No. C 07-5939 TEH<br><br>RESPONDENTS' RETURN IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS AND RESPONSE TO THE COURT'S DECEMBER 3, 2007 ORDER TO SHOW CAUSE |

I. INTRODUCTION

Petitioner Gurmukh Kaur Singh is a native and citizen of India, who has been ordered removed from the United States, and who has been in United States Immigration and Customs Enforcement ("ICE") detention since January 31, 2007, pending his removal to India. On November 26, 2007, Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"), challenging his continued detention and asking the Court to enjoin Respondents from transferring Petitioner "out of the jurisdiction the pendency of these proceedings." *See* Petition at 10.

Return in Opposition and Response to Order to Show Cause
C07-5939 TEH                                          1

1  Petitioner also asks for reasonable costs and fees. *Id.*

2  For the reasons set out below, Respondents oppose the petition and respond to the Court's
3  Order to Show Cause.

## II.  BACKGROUND

5  The parties agree that Petitioner is being detained under the post-removal order statutory
6  scheme, Immigration and Nationality Act (INA) § 241(a), 8 U.S.C. § 1231(a). *See* Petition, ¶ 15.

7  In November 2004, the Ninth Circuit Court of Appeals denied Petitioner's petition for review
8  of the Board of Immigration Appeals' (BIA) final order of removal and the mandate issued. *See*
9  Petition, Exh. D. ICE issued a Warrant of Removal in November 2004. See Declaration of Ila C.
10 Deiss (Deiss Decl.), Exh. A. In March 2005, DHS directed Petitioner to surrender for removal on
11 April 19, 2005. *See* Deiss Decl., Exh. B. Petitioner failed to surrender. *See id.*

12 Petitioner filed a first motion to reopen before the BIA. *See* Petition, Exh. E. In April 2005,
13 the BIA denied Petitioner's motion to reopen. *See id.* On January 31, 2007, Petitioner was finally
14 apprehended by ICE's Fugitive Operations and taken into custody. *See* Deiss Decl., Exh. C.
15 While in custody, Petitioner filed a second motion to reopen with the BIA based on his marriage
16 that was dismissed as untimely and numerically barred in April 2007. *See* Petition, Exh. E.
17 Petitioner petitioned for review that decision on May 29, 2007. *See* Petition, Exh. D. No stay of
18 removal is pending. *See id.*

19 Respondents have actively been trying to obtain travel documents in order to remove Petitioner
20 to India. *See* Deiss Decl., Exh. D. In March and August 2007, Petitioner applied for travel
21 documents, but provided only an Indian driver's license as proof of identity, which appears to have
22 the name Lakhwinder Singh on it. *See* Deiss Decl., Exh. E.

23 In May and August 2007, detention reviews were conducted and ICE decided to continue to
24 detain Petitioner because he absconded for two years before ICE agents were able to locate him,
25 rendering him a flight risk. *See* Petition, Exh. A; Deiss Decl., Exh. F. The Indian consulate has
26 not yet produced travel documents for Petitioner. As soon as they do, Petitioner will be removed
27 to India.

28 On November 2007, Petitioner filed this petition for review challenging his continued

Return in Opposition and Response to Order to Show Cause
C07-5939 TEH                                    2

detention.  On December 3, 2007, the Court issued an Order to Show Cause why the petition shouldn't issue.

## III.  LEGAL STANDARDS

Habeas corpus relief is appropriate when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

## IV.  ARGUMENT

**A.  Petitioner is Being Lawfully Detained Under 8 U.S.C. § 1231**

The post-removal order detention statute, INA § 241(a), 8 U.S.C. § 1231(a), provides for the mandatory detention of aliens awaiting removal from the United States for an initial period of three months.  This initial three months period may be followed by an additional three months discretionary detention during which time detention remains presumptively valid.  *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 2505 (2001).

The "removal period" began for Petitioner on "the date of [Ninth Circuit's] final order." 8 U.S.C. § 1231(a)(1)(B)(ii), which was in November 2004.  *See* Petition at D.  However, under INA § 241(a)(1)(C), 8 U.S.C. § 1231(a)(1)(C), titled "Suspension of Period," "the removal period shall be extended ... and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."  8 U.S.C. § 1231(a)(1)(C).  The Ninth Circuit has interpreted INA § 241(a)(1)(C), 8 U.S.C. § 1231(a)(1)(C) as authorizing continued detention of a removable alien "so long as the alien fails to cooperate fully and honestly with officials to obtain travel documents." *Lema v. I.N.S.*, 341 F.3d 853, 857 (9th Cir. 2003); *see also Pelich v. INS*, 329 F.3d 1057, 1060 (9th Cir. 2003)(holding that *Zadvydas* does not apply where an alien holds the "'keys [to his freedom] in his pocket' and could likely effectuate his removal by providing the information requested by the INS.").

Here, Petitioner failed to surrender for removal to India after the Ninth Circuit Court of Appeals' mandate issued and Petitioner was on notice to surrender.  *See* Deiss Decl., Exh.B. ICE's Fugitive Operations were not able to locate him until January 2007.  See Deiss Decl., Exh.

C. Further, Petitioner has not cooperated in good faith to obtain travel documents from India. The only proof of identity he has provided the Indian Consulate is n Indian driver's license that appears to have someone else's name on it. Deiss Decl., Exh. E. Clearly, Petitioner has failed to cooperate in good faith and has prevented his removal, which has extended the removal period beyond the presumptively reasonable period expressed in *Zadvydas*. Moreover, Petitioner has presented no evidence that India will not issue travel documents or that India will not accept him upon removal. There is a significant likelihood of Petitioner's removal to India in the reasonably foreseeable future. Accordingly, the petition should be denied because Petitioner's current detention is lawful and authorized by statute.

**B. Petitioner's Remaining Claims Are Barred by the Real ID Act**.

This petition describes in detail Petitioner's asylum application and the merits of his motions to reopen, Petition, ¶¶ 5-7, none of which is relevant to this habeas petition or reviewable by this Court pursuant to the REAL ID Act of 2005. The REAL ID Act amended the Immigration and Nationality Act, eliminating federal habeas corpus jurisdiction over final orders of removal. *See* Pub.L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005). Under Section 106 of the Act, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [the Immigration and Nationality Act]." 8 U.S.C. § 1252(a)(5). This provision makes clear that this Court does not have jurisdiction to entertain any challenge to his final removal order.

## V. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus should be denied.

Dated: January 4, 2007                                  Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


   /s/
ILA C. DEISS
Assistant United States Attorney
Attorneys for Respondents

Return in Opposition and Response to Order to Show Cause
C07-5939 TEH                                              4