IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GURMUKH KAUR SINGH, | § | |
| Petitioner, | § | 3:07-cv-05939-TEH |
| v. | § | |
| MICHAEL CHERTOFF, SECRETARY DEPT. OF HOMELAND SECURITY, ET AL., | § | PETITIONER'S TRAVERSE |
| Respondents | § | |

PETITIONER'S TRAVERSE

Petitioner, Gurmukh Kaur Singh, by and through undersigned counsel, respectfully interposes his Petitioner's Traverse. In an order filed December 3, 2007, this Court ordered the Respondent to show cause why the habeas petition should not issue and ordered the Petitioner to file a Traverse on or before February 4, 2008. This traverse is therefore timely.

In its "Return in Opposition To Petition For Writ of Habeas Corpus and Response To Order To Show Cause"[1] filed on January 3, 2008, the Respondent alleges that the Petitioner's continued detention is lawful and authorized for essentially two reasons. The Respondent cites to 8 U.S.C. §1231(a)(1)(C) ("Suspension of Period") for support of its untenable position. This provision reads,

> "The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."

---

[1] The Petitioner does not in any fashion challenge his removal order as he is prohibited from doing so by the REAL ID Act of 2005. The additional information in the habeas petition was provided for the Court's reference and nothing more. *See Return, page 4.*

1

According to the Respondent, the "Petitioner has not cooperated in good faith to obtain travel documents from India. The only proof of identity he has provided the Indian Consulate is an Indian driver's license that appears to have someone else's name on it." *Respondent's Return, page 4.* In the Respondent's world, this "[c]learly" establishes that the Petitioner "has failed to cooperate in good faith and has prevented his removal, which has extended the removal period beyond the presumptively reasonable period." *Id.* This is perverted ratiocination, which should be dismissed and ignored by the Court.

The fact that the Petitioner has no identification documents except those he has provided to the Respondent does not mean that he is not cooperating in good faith. As presented by the Respondent, the conclusion inevitably follows like the sun rising in the East. It is hardly "clear" that the Petitioner is not cooperating when he provides the only identification documents he has.

What is unequivocally clear is that the Petitioner has now been in custody for one full year on the date of this filing. Furthermore, despite attempts in March and August 2007 to secure a travel document, no document is forthcoming. One might question why the Respondent waited until March 9, 2007 to apply for the travel document when the Petitioner had been in its custody since January 31, 2007. *See Exhibit C, Respondent's Return.*

According to the Respondent's Exhibit C of the *Return in Opposition*, the Petitioner "has strong family ties[2] in the area and is a non-criminal alien." Paradoxically, the "Officer Comments/Analysis & Recommendation" also states that the Petitioner has "failed to comply and fill out his Travel Document application." *Id.* This, however, is belied by the

---

[2] This observation by Immigration and Customs Enforcement contradicts the allegation that the Petitioner is a "flight risk" that "absconded for two years before ICE agents were able to locate him." *Respondent's Return,* page 2.

2

record. In fact, Exhibit E of the Respondent's *Return* **is** a copy of the handwritten application.

In conclusion, the Respondents have held the Petitioner for now one complete year. To date, they have yet to secure a travel document. The Respondent has cooperated as fully as possible under the circumstances; he is after all, in custody. It is difficult to comprehend what more he could do to move the process along; however, the fact that he lacks identification documents does not magically transmogrify him into an obstructionist. The petition for writ of habeas corpus should issue.

I remain, respectfully yours,


/s/ Martin Resendez Guajardo

_____
MARTIN RESENDEZ GUAJARDO
Counsel for the Petitioner
P.O. Box 2087
San Francisco, California 94126
T: (415) 398–3852
F: (415) 296–8730

3

CERTIFICATE OF SERVICE

I hereby certify that on the 31st of January 2008 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ms. Ila Casy Deiss
United States Attorney's Office
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102
415-436-7124
Fax: 415-436-7169
Email: ila.deiss@usdoj.gov

/s/ Martin Resendez Guajardo

_____
MARTIN RESENDEZ GUAJARDO
Attorney for Petitioner

4