IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GURMUKH KAUR SINGH,

    Petitioner,

v.

MICHAEL CHERTOFF, et al.,

    Respondents.

NO. C07-5939 TEH

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Gurmukh Kaur Singh has been ordered removed from the United States and, pending his removal to India, has been detained by United States Immigration and Customs Enforcement ("ICE") since January 31, 2007. Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, directing his release from custody. Respondents filed a timely answer, and Petitioner filed a timely traverse. After carefully reviewing the parties' written arguments, the record presented, and governing law, the Court now DENIES the petition for a writ of habeas corpus for the reasons discussed below.

**BACKGROUND**

The parties do not dispute the underlying history of this case: Petitioner, a native and citizen of India, entered the United States on April 7, 1999. Petitioner has no criminal history and does not present any public-health or terrorism concerns. Upon entry, he was issued a notice to appear, charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). He subsequently filed a request for asylum and withholding of removal under 8 U.S.C. § 1231(b)(3), as well as for protection under Article 3 of the Convention Against Torture.

An immigration judge denied both requests on February 23, 2001. The Board of Immigration Appeals ("BIA") affirmed on April 9, 2003. Petitioner's removal was stayed by

1 the United States Court of Appeals for the Ninth Circuit on October 17, 2003, pending
2 appeal. On September 24, 2004, the Ninth Circuit affirmed the BIA's decision, and the
3 mandate issued on November 16, 2004. ICE, a division of the Department of Homeland
4 Security, issued a warrant of removal/deportation for Petitioner on December 8, 2004.

5 The record becomes somewhat unclear at this point, but it is not disputed that
6 Petitioner failed to surrender for removal; the only lack of clarity concerns the respective date
7 or dates. Exhibit B to the Declaration of Ila C. Deiss is a notice from ICE, dated March 15,
8 2005, directing Petitioner to surrender on April 19, 2005. Exhibit C to the same declaration
9 purportedly gives a procedural history of this case but neglects to mention either the
10 March 15, 2005 notice or the April 19, 2005 surrender date. However, Exhibit C states that
11 notice to surrender on January 12, 2005, was issued on December 8, 2004, and that Petitioner
12 failed to surrender on the specified date. Thus, regardless of which set of dates is correct – or
13 perhaps two notices to surrender were issued and both are correct – it is not disputed that
14 Petitioner was given at least one notice to surrender for his removal and failed to do so.

15 On February 14, 2005, Petitioner filed a motion to reopen his case before the BIA.
16 That appeal was denied on April 11, 2005.

17 Petitioner was finally brought into ICE custody on January 31, 2007, after being
18 apprehended by the fugitive operations unit. While in custody, he filed a second motion to
19 reopen his case before the BIA, which denied the motion on April 30, 2007. Petitioner's
20 appeal of that decision to the Ninth Circuit remains pending, and Petitioner has not sought a
21 stay of removal based on his pending appeal.

22 ICE officials completed a custody review of Petitioner's file on May 3, 2007. That
23 review noted that a request for Petitioner's travel documents was mailed to the General
24 Consulate of India in San Francisco, California, as well as to the Indian Embassy in
25 Washington, D.C., on March 9, 2007, but that, as of April 27, 2007, the request for travel
26 documents remained pending.

27 The review also noted that Petitioner failed to comply and fill out his travel document
28 application – an allegation that appears unfounded, given that a handwritten application,

2

apparently signed by Petitioner, is attached as Exhibit E to the Deiss Declaration. On the application for Petitioner's travel documents, Petitioner's name is listed as "Gurmukh Singh-Kaur," and his date of birth as October 11, 1977. Ex. E to Deiss Decl. The application also includes Petitioner's signature and thumbprint and purports to attach a copy of Petitioner's driver's license from the Government of Punjab. However, the driver's license bears the name "Lakhwinder Singh" with a date of birth of July 10, 1977.

The ICE reviewer recommended, based in part on the conclusion that Petitioner's prior failure to surrender voluntarily for removal rendered him a flight risk, that Petitioner be retained in custody another 90 days until he could be removed from the United States after obtaining the requisite travel documents. That recommendation was approved by the ICE field office director on May 7, 2007.

On August 3, 2007, the field office director issued a decision to continue Petitioner's detention following a subsequent file review. The decision stated that, "[t]he Agency is continuing its efforts to obtain a travel document for your removal to India. In addition[,] your history of absconding from the Agency indicates that you present an unacceptable flight risk." Ex. F to Deiss Decl. To date, no travel documents for Petitioner have yet been issued.

**DISCUSSION**

This Court has jurisdiction under 28 U.S.C. § 2241 over Petitioner's claims that he is being unlawfully detained. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Although the petition also discusses issues relevant to Petitioner's asylum claims, Petitioner concedes that he is barred from challenging his removal order in this Court by the REAL ID Act of 2005. Traverse at 1 n.1.

Once an alien has been ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). The removal period in this case began in November 2004, when the Ninth Circuit issued its "final order." 8 U.S.C. § 1231(a)(1)(B)(ii). "The removal period shall be extended beyond a period of 90 days and the alien may remain in

3

detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

The Supreme Court has held that detention for a total period of six months is presumptively valid. *Zadvydas*, 533 U.S. at 701. The Court further explained that:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

In this case, although the Court is troubled by the length of time during which Petitioner's application for travel documents has been pending, it cannot say that Petitioner has provided "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Petitioner's case is unlike those considered by the Supreme Court in *Zadvydas* because it is not disputed that Petitioner is a citizen of India, and Petitioner has failed to provide any reason as to why India might reject his request for travel documents or might not accept him upon removal due to, for example, a lack of repatriation agreement with the United States. *Compare id.* at 684-86 (discussing facts of the cases considered in *Zadvydas*). Similarly, Petitioner's reliance on *Nadarajah v. Gonzales*, 443 F.3d 1069 (9th Cir. 2006), is unhelpful because the petitioner in that case had been in custody for nearly five years – a period "plainly unreasonable under any measure," 443 F.3d at 1080 – and "had won relief at every administrative level," *id.* at 1081, in contrast to the thirteen months during which Petitioner has been detained and the repeated denials of Petitioner's appeal of his removal order in this case. Petitioner also cites *Thai v. Ashcroft*, 389 F.3d 967 (9th Cir. 2004), for support, but that citation is to a dissent from denial of rehearing en banc; moreover, the cited language merely repeats the Supreme Court's holding in *Zadvydas*.

4

Respondents contend that Petitioner will be removed from the United States as soon as Petitioner receives travel documents from India, and nothing in the record belies that contention. Nor does anything in the record indicate any reason why India might deny travel documents or refuse to accept Petitioner. In addition, the reason for the delay in processing Petitioner's application for travel documents may be that Petitioner submitted a driver's license that bears a different name and birth date from his own, and Respondents' conclusion that Petitioner represents a flight risk is reasonable given Petitioner's prior failure to surrender for removal voluntarily when ordered to do so. Consequently, the Court finds that Petitioner's detention continues to be reasonable and lawful under 8 U.S.C. § 1231(a), and habeas relief under 28 U.S.C. § 2241 is therefore unwarranted.

However, as the Supreme Court explained, "for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' would conversely have to shrink." *Zadvydas*, 533 U.S. at 701. Thus, should Singh remain in custody for a substantial additional period of time without any clearer indication of when travel documents might issue, it is possible that he may be able to demonstrate "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Because habeas relief in that instance may be proper, the Court's denial of the instant petition shall be without prejudice.

**CONCLUSION**

With good cause appearing for the reasons discussed above, the petition for writ of habeas corpus is DENIED without prejudice. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: 03/07/08

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

5